■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN LOGAN, Appellant.—Judgment unanimously modified

on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Defendant's conviction of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), counts 4 and 5 of the indictment, and one count of endangering the welfare of a child, count 8 of the indictment, must be reversed because the trial court erroneously permitted expert testimony regarding child sexual abuse accommodation syndrome which related solely to proving that the child was sexually abused *(see, People v Duell,* 163 AD2d 866; *People v Bowker,* 203 Cal App 3d 385, 249 Cal Rptr 886). If there is a new trial on those counts of the indictment and should the People desire to have the child declared a vulnerable witness pursuant to CPL article 65, a new hearing should be conducted to determine whether the circumstances then existing warrant utilization of that statute *(see generally, People v Cintron,* 75 NY2d 249).

In view of the foregoing, we do not address the remaining issues raised by defendant. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—sexual abuse, first degree.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.