■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA CACCESE, Appellant. [621 NYS2d 735] —Casey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 16, 1992, upon a verdict convicting defendant of the crimes of endangering the welfare of a child (three counts) and assault in the third degree.

Defendant and her husband were duly certified foster parents who were awarded custody of two children, Jerry and Joseph. Joseph was four years old when he was brought to the hospital by defendant to be treated for injuries which included multiple fractures to his left arm and hand, as well as bruises to his right hand and face. Defendant told the hospital officials that the injuries were sustained when Joseph fell out of a chair at defendant's home. When the attending physician concluded that the injuries did not correspond to this explanation, he reported the incident as suspected child abuse. Joseph himself later explained that his injuries were sustained as a result of defendant stepping on his arm as a "punishment". During Joseph's treatment, a registered nurse at the hospital discovered that the bruises had been partially camouflaged by a flesh-colored cosmetic.

On the following day, the senior investigator from the District Attorney's office met with defendant and six-year-old Jerry. During the interview, the investigator noticed that portions of Jerry's face and ears were covered with a substance resembling makeup. Bruising of the cheek and ears was observed when the makeup was removed.

As a result of the investigation, defendant was charged in a four-count indictment with assault in the second degree and three counts of endangering the welfare of a child with regard to both Joseph and Jerry. Defendant was found guilty of three counts of endangering the welfare of a child and of assault in the third degree. Defendant was sentenced to one year in jail for the assault, to run concurrently with a one-year sentence imposed on one count of endangering the welfare of a child. On the remaining two counts of endangering the welfare of a child, defendant was sentenced to one year on each; the sentences to run concurrently with each other and consecutive to the other sentences.

Contrary to defendant's initial argument, we find the evidence more than sufficient to support her conviction as to Jerry, under Penal Law § 260.10 (1) and (2). Penal Law § 260.10 (1) requires knowing "acts * * * likely to be injurious to the physical, mental or moral welfare of a child less than

seventeen years old". Penal Law § 260.10 (2) requires the failure or refusal "to prevent [a child] from becoming an 'abused child,' [or] a 'neglected child,' * * * as those terms are defined in * * * the family court act". Jerry himself testified that defendant was the source of his injuries and would punish him by twisting his arms and pulling his ears. County officials attested to the bruises on Jerry's face and ears and the attempted camouflage of the marks by a cosmetic substance. Viewing this evidence in a light most favorable to the prosecution, it is sufficient to establish defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621).

Defendant also complains that County Court allowed improper and prejudicial testimony from the witness David Judkins. Judkins was allowed to testify as an expert and to opine that Joseph was an abused child. Although no objection was taken to the opinion of this witness, we consider the admission of the opinion to be error. The conclusion expressed was not "beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307) and was a factual issue to be resolved by the jury as trier of the facts (see, People v Logan, 168 AD2d 918; see also, People v Perry, 180 AD2d 766, lv denied 80 NY2d 836). Nonetheless, in light of the overwhelming evidence of defendant's guilt, combined with County Court's limiting instructions that the jury may disregard any expert's conclusions of fact (see, People v Jeter, 163 AD2d 421, affd 80 NY2d 818), we consider the error harmless. Defendant's further objection to the balance of Judkins' testimony is meritless. This testimony was not expert opinion, but related to Judkins' personal observations of defendant's actions.

The testimony of the witness Deborah Linendoll was properly admitted. As a nurse she was familiar with calamine lotion and there was proper foundation for a lay opinion as to the identity of the substance that covered the marks and bruises (see, People v Mathews, 176 AD2d 1135, 1136-1137). Permitting Linendoll to testify to statements made to her at the hospital by Joseph, to the effect that defendant caused the bruises on his hand, was proper because it was germane to diagnosis and treatment of Joseph (see, Scott v Mason, 155 AD2d 655, 657; Richardson, Evidence § 302, at 277-279 [Prince 10th ed]).

Defendant also contends that the introduction into evidence of medical records which described injuries suffered by two other foster children while in defendant's custody was highly prejudicial as showing defendant's propensity to commit other

similar crimes. Permission to offer such proof followed a pretrial *Ventimiglia* hearing. The medical reports received described (1) the death of a five-year-old on May 27, 1990 as the result of head wounds sustained from an unwitnessed fall at defendant's home, and (2) a broken clavicle suffered by a four-year-old on September 29, 1991 while in defendant's care. Significantly, defendant's explanation of these accidents was similar to her explanations with respect to Jerry and Joseph. It was, therefore, proper to admit the medical reports of the two other infants to show the absence of accident or mistake in the injuries sustained by Jerry and Joseph and to negate defendant's anticipated claim of mistake or accident *(see, People v Alvino,* 71 NY2d 233, 243-245). The Court of Appeals has recognized that evidence of prior acts of a defendant accused of child abuse "is especially warranted * * * where the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" *(People v Henson,* 33 NY2d 63, 72; *see, People v Engler,* 150 AD2d 827, 829, *lv denied* 75 NY2d 770).

We consider defendant's claim that the prosecution's summation was inflammatory to be untenable. The summation did not exceed the bounds of appropriate comment. No reference was made to matters not in evidence *(cf., People v Paperno,* 54 NY2d 294, 300-301). Nor was it suggested that defendant was guilty of committing acts with which she was not charged *(cf., People v Ashwal,* 39 NY2d 105, 109). Furthermore, defendant has failed to show how any of the comments made by the prosecution in summation tainted the verdict *(see, People v Halm,* 180 AD2d 841, 842, *affd* 81 NY2d 819) and also failed to properly preserve this issue for appellate review *(see, People v Pristell,* 204 AD2d 801, *lv denied* 83 NY2d 970).

Contrary to defendant's contention that County Court unfairly marshaled the evidence in the course of its charge, we find that the record demonstrates that County Court's instructions were factually accurate and unbiased *(see, People v James,* 194 AD2d 558, 559, *lv denied* 82 NY2d 720). Finally, we find meritless defendant's claim that Joseph and Jerry lacked the capacity to appreciate the oath that was administered to them. The voir dire examination of both boys demonstrated that they understood the difference between telling the truth and telling a lie and knew that they would be punished for lying. They likewise stated that if allowed to testify under oath they would tell the truth. Their testimony was thus properly allowed *(see, People v Charlton,* 192 AD2d

757, 758, *lv denied* 81 NY2d 1071). The judgment should be affirmed.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5).