OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant contends that the court erred in admitting evidence concerning his prior uncharged acts of violence toward his paramour, the complainant. He had been indicted for forcible rape, sexual abuse, menacing, felonious assault, and criminal contempt, alleged to have been committed on three days over an 11-week period. He was acquitted of the forcible rape and convicted of the other crimes.
Evidence of prior uncharged crimes may be admitted to establish some element of the crime under consideration (see, People v Alvino, 71 NY2d 233, 241; see also, People v Lewis, 69 NY2d 321, 326-327; Prince, Richardson on Evidence § 4-515, at 191-192 [Farrell 11th ed]). The evidence will be allowed if its probative value exceeds the potential for prejudice to the defendant (see, People v Ely, 68 NY2d 520, 529), a determination turning on the “discretionary balancing of the probative value and the need for the evidence against the potential for delay, surprise and prejudice” (People v Alvino, supra, at 242; People v Ventimiglia, 52 NY2d 350, 359). Accordingly, and when appropriate — as here, in light of the relationship between defendant and complainant — evidence of a defendant’s prior abusive behavior toward a complainant may be admissible to prove the element of forcible compulsion in a rape case (see, e.g., People v McClain, 250 AD2d 871; People v George, 197 AD2d 588, 589, lv denied 82 NY2d 925, 83 NY2d 852). This is true even though, as in this case, the defense is not consensual sex, but that the rape never occurred and that the complainant’s allegation was a lie.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
*842 Order affirmed in a memorandum.