THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK H. PHELPS, Appellant. [701 NYS2d 494] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered February 24, 1999, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Defendant was indicted on one count each of assault in the second degree (Penal Law § 120.05 [2] [by means of a dangerous instrument]) and endangering the welfare of a child (Penal Law § 260.10 [2]). At the conclusion of the trial, the jury acquitted defendant of the assault charge but found him guilty of endangering the welfare of a child. The charges arose from several incidents occurring July 1, 1998 through July 3, 1998, in which defendant struck his 17-year-old daughter with his hand and/or his belt. Defendant struck his daughter as a form of corporal punishment, allegedly because of her misbehavior which included, *inter alia*, substance abuse and disrespectful conduct toward her parents. County Court sentenced defendant to one year in jail and fined him $1,000. Defendant now appeals.

First, we find merit in defendant's contention that the indictment is jurisdictionally defective because defendant was charged under Penal Law § 260.10 (2) which does not cover the alleged illegal acts. Notably, subdivision (1) of Penal Law § 260.10 is violated when any person *"knowingly acts* in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1] [emphasis supplied]). Subdivision (2) is violated when a parent or person legally responsible for the care of a child less than 18 years old *"fails or refuses* to exercise reasonable diligence in the control of such child to prevent him [or her] from becoming an 'abused child' " (Penal Law § 260.10 [2] [emphasis supplied]).

Overt acts, such as defendant's conduct in striking his daugh-

ter with his belt and his hand, fall under subdivision (1). Here, while the conduct alleged—and proved at trial—supported the conclusion that defendant acted knowingly and that his conduct was "likely" to be injurious to his daughter, subdivision (1) is inapplicable and was not charged because defendant's daughter was 17 years old at the time of the acts charged, and by its terms subdivision (1) only applies to children under 17 years of age (Penal Law § 260.10 [1]). To be distinguished is subdivision (2)—under which defendant was charged—which applies to conduct which constitutes a failure or refusal to act with respect to children under age 18 (Penal Law § 260.10 [2]). Viewing this statute as a whole to determine the legislative intent, it is clear that subdivision (2) was meant to cover only acts of omission (*see*, *People v Carroll*, 93 NY2d 564; *People v Scully*, 134 Misc 2d 906; McKinney's Cons Laws of NY, Book 1, Statutes § 97; *cf.*, *People v Caccese*, 211 AD2d 976, *lv denied* 86 NY2d 780). In fact, the objective of subdivision (2) is to require a parent—or those legally responsible for a child—to protect his or her children from harm *by others*, including the "duty * * * of one parent to protect the child from the other parent" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 260.10, at 31; *see*, *People v Carroll*, *supra*, at 567).

Here, the only applicable subdivision of Penal Law § 260.10 under which the People could have charged defendant was subdivision (1), but the daughter was too old for that subdivision to apply. Instead, the prosecution pursued a tortured application of subdivision (2), i.e., defendant was charged with and prosecuted for failing to exercise reasonable diligence to prevent the child from being abused *by himself*. Properly interpreting Penal Law § 260.10 as a whole, the indictment was jurisdictionally defective as there was no factual basis to charge defendant with acts of *omission* under subdivision (2). Notably, the People chose to neither charge defendant with assault in the third degree (Penal Law § 120.00) nor to request that County Court charge that crime as a lesser included offense with respect to the assault in the second degree count (Penal Law § 120.05 [2]). A review of the allegations and proof adduced at trial demonstrates that assault in the third degree was the more appropriate available offense with which to charge defendant for his conduct.

We also find merit in the contention that the evidence was not legally sufficient to support defendant's conviction under Penal Law § 260.10 (2) because the prosecution failed to prove the abuse element of that subdivision of this crime. Penal Law

§ 260.10 (2) specifically refers to and incorporates the Family Court Act definitions of " 'abused child' ", " 'neglected child' ", " 'juvenile delinquent' ", and " 'person in need of supervision' " (Penal Law § 260.10 [2]). The bill of particulars limited the proof in this case to whether the child was an "abused child". Family Court Act § 1012 (e) states, in part, as follows:

" 'Abused child' means a child less than eighteen years of age whose parent * * *

"(i) inflicts or allows to be inflicted upon such child physical injury *by other than accidental means* which causes or creates a substantial risk of death, or serious or protracted disfigurement, or *protracted impairment of* physical or *emotional health* or protracted loss or impairment of the function of any bodily organ, or

"(ii) creates or allows to be created a substantial risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [emphasis supplied]).*

While the record supports the conclusion that defendant inflicted physical injuries upon his daughter by "other than accidental means", there was insufficient proof that the injuries inflicted by defendant rose to the level of the "serious" or "protracted" injuries necessary to constitute acts of abuse (Family Ct Act § 1012 [e]). Defendant called as a witness the emergency room doctor who treated the daughter on July 4, 1998 who testified that the minor physical injuries suffered by her would not create a substantial risk of death, would not create serious or protracted disfigurement or protracted loss or impairment of the function of any bodily organ, nor protracted impairment of physical health.

Under the facts of this case, the only possible applicable portion of the definition of abuse is "protracted impairment of * * * emotional health" (Family Ct Act § 1012 [e]). The Family Court Act defines impairment of emotional health to include: "a state of *substantially diminished psychological or intellectual functioning* in relation to, but not limited to, such factors as

---

* While Penal Law § 260.10 (2) incorporates the Family Court Act § 1012 (e) definition of abused child—which definition includes, *inter alia,* overt parental acts of commission as well as parental acts of omission—we do not view this as altering the fundamental distinction drawn in Penal Law § 260.10 between acts of commission (subd [1]) and acts of omission (subd [2]).

failure to thrive, control of aggressive or self-destructive impulses, ability to think and reason, or acting out or misbehavior, including incorrigibility, ungovernability or habitual truancy; provided, however, that such impairment must be clearly attributable to the unwillingness or inability of the [defendant] to exercise a minimum degree of care toward the child" (Family Ct Act § 1012 [h] [emphasis supplied]). Even viewing the evidence in a light most favorable to the prosecution (*see, People v Caccese,* 211 AD2d 976, 977, *supra; People v Spadaccini,* 124 AD2d 859, 860), the evidence at trial did not support the conclusion that the daughter's emotional health had been so impaired. She did not testify about her emotional state and the hospital records indicate that she denied being in any pain and was in good spirits when she went to the emergency room.

Notably, the prosecution offered no evidence with respect to impairment of emotional health. The only proof that addressed emotional health was from the emergency room doctor who testified that injuries such as those suffered by the daughter "can certainly have an impact on her emotional health". This speculative proof established, at most, some impairment of the child's emotional health. There was no proof that such impairment was "protracted" or "clearly attributable" to defendant's failure to protect her, especially where the daughter revealed to a friend that she had been drinking alcohol, using illegal drugs and driving under the influence of those substances even before the incident which was alleged to have impaired her emotional health. In our view, the evidence adduced at trial was legally insufficient to prove that the daughter sustained any protracted impairment to her emotional health attributable to defendant's conduct as alleged and, thus, was insufficient to prove that she was an abused child. Accordingly, the judgment of conviction should be reversed.

Peters, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.