■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN A. LAVIOLETTE, Appellant. [762 NYS2d 168] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 20, 2001, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (four counts), assault in the second degree (three counts) and endangering the welfare of a child (two counts).

In October 2000, defendant was charged in an indictment with numerous counts of rape in the third degree, sodomy in the third degree, sexual abuse in the first degree, assault in the second degree and endangering the welfare of a child.[1] The charges arose out of defendant's alleged physical, mental and sexual abuse of his three stepdaughters in the City of Troy, Rensselaer County. At a *Ventimiglia/Sandoval* hearing, the People sought permission to introduce at trial evidence of the details of defendant's abuse beyond that set forth in the indict-

---

1. Defendant's wife was also charged with two counts of endangering the welfare of a child, to which she pleaded guilty.

ment, as illustrative of defendant's intent and as background information explaining the nature of defendant's relationship with his stepdaughters and their responses to the abuse. County Court permitted the People to offer evidence regarding acts that demonstrated defendant's exertion of control over the victims, but excluded certain evidence as irrelevant or prejudicial.

After receiving the grand jury minutes as *Rosario* material, defendant moved to dismiss counts 1 through 28 and 31 through 40 of the indictment as duplicitous. County Court reserved decision on the motion but, as the oldest victim was testifying, the court stopped the testimony and granted defendant's motion during trial. As a result, 38 of the 47 counts against defendant were dismissed, including all of the counts charging rape and sodomy, as well as all counts involving the oldest victim. After a jury trial, defendant was convicted of the remaining nine charges. County Court sentenced defendant and this appeal ensued. We now affirm.

Defendant first challenges County Court's *Ventimiglia* ruling permitting the introduction of evidence of his uncharged conduct, given the highly prejudicial impact of the material, as well as its alleged low probative value. Where its probative value outweighs the potential prejudice, "[e]vidence of prior uncharged crimes may be admitted to establish some element of the crime under consideration" (*People v Cook,* 93 NY2d 840, 841 [1999]). Such evidence may also be admitted to show, among other things, " '(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial' " (*People v Ventimiglia,* 52 NY2d 350, 359 [1981], quoting *People v Molineux,* 168 NY 264, 293 [1901]; *see People v Rojas,* 97 NY2d 32, 37-38 [2001]).

Here, County Court permitted the People to offer evidence of prior physical abuse to establish forcible compulsion, an element of two of the counts of sexual abuse in the first degree (*see* Penal Law § 130.65 [1]), and to explain defendant's relationship with the victims. The evidence permitted related largely to defendant's excessive use of corporal punishment, threats of violence and psychological control over the victims and included testimony regarding the prior involvement of child protective services with the family. As we have previously concluded, such evidence, when properly limited, is relevant to the issue of intent and is "explanatory of the victims'

behavior in that it complete[s] the narrative of the abusive and controlling setting in which the criminal acts occurred and defendant's motives in perpetrating these acts and opportunity to do so, and tend[s] to show the absence of mistake or accident" (*People v Watson,* 281 AD2d 691, 694 [2001], *lv denied* 96 NY2d 925 [2001]).

We note that County Court properly excluded much of the evidence sought to be introduced, agreeing with defendant that the sheer volume of what the People intended to offer created a problem. As the court determined, the prejudicial impact of a large portion of the material—which included evidence of prior uncharged rapes of the youngest victim starting when she was four or five years old, sexual assaults, defendant taking nude photographs of the victims, his proposal of marriage to the oldest victim, his prior arrest arising from abuse of the victims, his abuse of the family's pets, his destruction of the victims' cherished possessions, pictures of the victims' injuries, and the victims' attempted suicides—outweighed its probative value (*see People v Ely,* 68 NY2d 520, 529-531 [1986]). Moreover, with respect to the evidence that was admitted, County Court repeatedly offered appropriate limiting instructions (*cf. People v Greene,* 306 AD2d 639, 642-643 [2003]). Accordingly, we conclude that County Court's ruling did not constitute an abuse of discretion (*see People v Watson, supra* at 694-695; *see People v McClain,* 250 AD2d 871, 872 [1998], *lv denied* 92 NY2d 901 [1998]; *see also People v Cook,* 93 NY2d 840, 841 [1999], *supra*; *People v Toland,* 284 AD2d 798, 803-805 [2001], *lv denied* 96 NY2d 942 [2001]).

Next, defendant argues that reversal is warranted because County Court did not dismiss the duplicitous counts[2] in the indictment until after the oldest victim began to testify. As defendant concedes, this argument is unpreserved. Moreover, if we were to reach the issue, we would conclude that while it may have been advisable for County Court to dismiss the counts of the indictment prior to the commencement of trial (*see People v Beauchamp,* 74 NY2d 639, 640-641 [1989]; *cf. People v Sulkey,* 195 AD2d 1026, 1027 [1993], *lv denied* 82 NY2d 759 [1993]), the resulting prejudice to defendant was minimal. We note that County Court instructed the jury that the People's references to the later-dismissed crimes in their opening statement did not constitute evidence and emphasized

---

**2.** A count is duplicitous and must be dismissed when it encompasses "acts which separately and individually make out distinct crimes" or when it "alleges the commission of a particular offense occurring repeatedly during a designated period of time" (*People v Keindl,* 68 NY2d 410, 417-418 [1986]).

that the indictment was not evidence of guilt. At defendant's request, the court also instructed the members of the jury that they were not permitted to speculate as to why the counts were dismissed or to draw any adverse inference from the dismissal. Moreover, although the oldest victim began to testify prior to dismissal of the counts, her testimony primarily involved the family's living conditions and did not address any of the duplicitous charges. Thus, dismissal of the duplicitous counts was the proper remedy here and reversal of the remaining counts upon which defendant was convicted is not warranted (*see People v Beauchamp, supra* at 640-641; *People v Keindl,* 68 NY2d 410, 421-422 [1986]).

Finally, we reject defendant's argument that he was denied the effective assistance of counsel. As explained earlier, defendant was not unduly prejudiced by County Court's failure to dismiss the duplicitous counts in the indictment until after trial commenced. Thus, defense counsel's failure to move for a mistrial based on the delay in dismissal does not amount to ineffective assistance of counsel. Defendant's remaining contentions on this issue are either meritless or address errors that were harmless. In addition, we observe that defense counsel was successful in his attempt to have 38 of the 47 counts against defendant dismissed, that he successfully fought to prevent the People from introducing evidence of defendant's many prior bad acts and that he vigorously cross-examined the victims and attacked their credibility during his summation. Accordingly, it cannot be said that "counsel's acts or omissions 'prejudice[d] the defense or defendant's right to a fair trial'" such that defendant did not receive meaningful representation (*People v Benevento,* 91 NY2d 708, 713-714 [1998], quoting *People v Hobot,* 84 NY2d 1021, 1024 [1995]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.