(April 21, 2005)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK E. GORHAM, Appellant. [793 NYS2d 281]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 1, 2000, upon a verdict convicting defendant of the crimes of assault in the third degree, aggravated criminal contempt, criminal contempt in the first degree and unlawful imprisonment in the first degree.

Following a jury trial, defendant was convicted of various crimes for his April 13, 1999 assault on his wife at their apartment, during which she sustained injuries to her face and head. Police officers responded and, upon hearing screams, forcefully entered the apartment and were met by defendant, whose hands and shirt were bloodied; defendant charged at them and, when subdued, directed the victim to report that she had "fallen." The victim, covered in blood and with one eye swollen shut, initially did not dispute that explanation and indicated she did not want defendant arrested, but later reported the assault to police when defendant was out of town.

The trial evidence established that defendant, who had achieved the skills of a Black Belt in karate, met the victim in July 1998 and they soon began living together. On September 12, 1998, defendant assaulted the victim, resulting in defendant's guilty plea and a "stay away" order of protection. Upon defendant's release from jail in December 1998, they resumed their relationship and defendant induced the victim to pursue a modification of the order of protection to a "no illegal contact" order. During the ensuing months, defendant controlled nearly all aspects of the victim's life, precluded her from leaving the house except for work and alienated her from friends and family. They married in late February 1999. In early March 1999, defendant assaulted her at work after she refused to give him the keys to her vehicle; the victim subsequently attempted suicide, and obtained a new order of protection on March 23, 1999. After the April 13, 1999 assault at their apartment, defendant was indicted and later convicted of assault in the third degree and unlawful imprisonment in the first degree, but acquitted of coercion. Defendant was also convicted of aggravated criminal contempt and criminal contempt in the first degree for violating the March order of protection. County Court dismissed the protracted unlawful imprisonment count, which related to the December 1998 to April 1999 time period, on defendant's motion, after the close of the People's proof. Defendant was thereafter sentenced to an aggregate prison term of $2^{1}/_{3}$ to 7 years. Defendant now appeals, and we affirm.

First, there is no merit to defendant's contentions that the convictions were not supported by legally sufficient evidence. Viewed most favorably to the prosecution, the victim's account, combined with the testimony of the responding officers and medical testimony, established beyond a reasonable doubt every element of the crimes of which he was convicted, including the victim's physical injuries which defendant intentionally inflicted after having restrained her and forced her into the bedroom when she tried to leave (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Peters*, 1 AD3d 270, 271 [2003], *lv denied* 1 NY3d 632 [2004]; Penal Law § 15.05 [1]; § 120.00 [1]; § 135.10). Likewise, the testimony demonstrated defendant's intentional conduct in violation of the March order of protection (*see* Penal Law § 215.51 [b] [v]; § 215.52). Defendant's contention that the victim was somehow his accomplice in these crimes is both unpreserved (*see* CPL 470.05 [2]) and patently absurd (*see* CPL 60.22 [2]), and the same is true of his claim that the victim's sworn testimony needed corroboration (*cf.* CPL 60.20).

Defendant's arguments that the jury's verdict was contrary to

the weight of the evidence are unavailing, as a different verdict would have been unreasonable (*see People v Bleakley, supra* at 495; *People v Richard*, 232 AD2d 872, 873 [1996], *lv denied* 89 NY2d 1099 [1997]). Contrary to defendant's claims, the victim's testimony was neither "filled with contradictions" nor unworthy of belief, and the jury's determination to credit her account and reject defendant's justification defense, supported only by his implausible testimony, was supported by ample, credible testimony and evidence (*see People v Di Bella*, 277 AD2d 699, 700 [2000], *lv denied* 96 NY2d 758 [2001]).

Next, defendant asserts that County Court erred in permitting the People to adduce, on their direct case, testimony concerning his prior abusive conduct toward this victim. During a lengthy *Molineux/Ventimiglia* pretrial hearing, the court issued a detailed ruling which permitted the People to elicit certain facts underlying defendant's two prior assaults on the victim, his conduct inducing the victim to seek a modification of the first order of protection, and the victim's suicide attempt, finding that they were sufficiently recent and relevant to the crimes charged as, among other things, proof of his intent and the victim's state of mind. The court meticulously weighed the probative value of each incident against the potential for prejudice and limited or excluded numerous relevant incidents due to their prejudicial nature (*see People v Cook*, 93 NY2d 840, 841 [1999]; *cf. People v Gorghan*, 13 AD3d 908, 911 [2004], *lv dismissed* 4 NY3d 798 [2005]); the court also revisited, clarified and closely managed its ruling repeatedly during the trial.

Evidence of defendant's prior violence and his abusive, controlling, threatening behavior toward the victim—as limited by County Court—was relevant on several disputed issues including his intent and motive (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Ray*, 273 AD2d 611, 611-612 [2000]). We discern no error or abuse of discretion. The court properly permitted expanded inquiry once defendant testified, essentially, among other things, denying any criminal conduct in the September 1998 assault to which he had pleaded guilty, despite being forewarned, thereby abusing the initial favorable *Molineux* ruling (*see People v Rojas*, 97 NY2d 32, 37-38 [2001]; *see also People v Massie*, 2 NY3d 179, 181-182 [2004]). Indeed, evidence of prior domestic violence provided necessary background information regarding the setting in which these crimes occurred; it was explanatory of the victim's behavior and probative of defendant's intimidation, demonstrating the absence of mistake or accident, and was not improperly adduced simply to

prove defendant's propensity to commit these crimes (*see People v Higgins*, 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]; *People v Tarver*, 2 AD3d 968, 969 [2003]; *People v Laviolette*, 307 AD2d 541, 542-543 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Watson*, 281 AD2d 691, 694 [2001], *lv denied* 96 NY2d 925 [2001]; *see also People v Cook, supra* at 841).*

Finally, in view of the violent nature of defendant's crimes, which represented defendant's second conviction for assaulting the same victim who sustained significant physical and psychological injuries, we perceive neither the presence of extraordinary circumstances nor any abuse of discretion in County Court's sentencing. Despite a history of abusive behavior to women, defendant declined to take responsibility for his violent conduct, continued to blame the innocent and injured victim, violated orders of protection designed to protect her, and has failed to present any arguable reason for a reduction of his sentence in the interest of justice (*see People v De Fabritis*, 296 AD2d 664, 666 [2002], *lv denied* 99 NY2d 557 [2002]).

We have considered defendant's remaining contentions and find them unavailing.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* While ordinarily a court should give a limiting instruction when such evidence is adduced (*see People v Santarelli*, 49 NY2d 241, 254 [1980]; *see e.g. People v Laviolette, supra* at 543), defense counsel repeatedly declined County Court's invitation to provide such a charge and none was requested at the close of proof. Thus, any such claim is unpreserved and the compelling evidence of defendant's guilt militates against invoking our interest of justice jurisdiction (*see People v Williams*, 50 NY2d 996, 998 [1980]; *People v Ward*, 10 AD3d 805, 807 [2004], *lv denied* 4 NY3d 768 [2005]).