# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**10**
**KA 10-01941**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID J. DITUCCI, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

FRANK A. ALOI, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered July 31, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal contempt in the first degree (two counts).

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence on the conviction of assault in the second degree is unanimously dismissed and the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) and two counts of criminal contempt in the first degree (§ 215.51 [b] [v]; [c]). Contrary to defendant's contention, County Court's *Molineux* ruling was not an abuse of discretion (*see People v Dorm*, 12 NY3d 16, 19; *People v Gorham*, 17 AD3d 858, 860-861). The record reflects that "[t]he court meticulously weighed the probative value of each incident against the potential for prejudice and limited or excluded numerous relevant incidents due to their prejudicial nature" (*Gorham*, 17 AD3d at 860). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Any inconsistencies in the victim's testimony were highlighted by defense counsel, and the jury's resolution of credibility issues with respect to the testimony of the victim is entitled to great deference (*see People v McFarley*, 77 AD3d 1282). We also reject the contention of defendant that he was denied his right of confrontation based on the court's denial of his motion to disqualify the prosecutor and his application to call the prosecutor as a witness in order to question the prosecutor on the issue of her alleged influence over the victim. Defense counsel was free to cross-

examine the victim on that issue, and in fact did so (*see generally People v Chin*, 67 NY2d 22, 29-30).  Defendant's remaining contentions with respect to appeal No. 1 are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, are without merit.

In appeal No. 2, defendant appeals from a resentence with respect to the conviction of assault in the second degree, in which the court additionally imposed a five-year term of postrelease supervision. Contrary to defendant's contention, the imposition of the period of postrelease supervision was proper inasmuch as defendant was sentenced to a determinate term of imprisonment in appeal No. 1 as a second felony offender (*see* Penal Law § 70.06 [6] [c]; § 70.45 [2] [e]). Finally, we reject defendant's challenge to the severity of the sentence and the resentence in appeal Nos. 1 and 2.

Entered:  February 10, 2011

Patricia L. Morgan
Clerk of the Court