■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM WRIGHT, Appellant. [918 NYS2d 598]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 27, 2008, upon a verdict convicting defendant of the crimes of assault in the second degree, aggravated assault upon a person less than 11 years old and endangering the welfare of a child (two counts).

In May 2007, defendant and his girlfriend, Delores Dober, sought medical treatment for defendant's daughter (born in 2003). Medical personnel determined that the child had a left orbital fracture[1] and numerous bruises, in various stages of healing, over her face, limbs and buttocks. As a result, a grand jury handed up an indictment charging defendant with assault in the second degree (two counts), aggravated assault upon a person less than 11 years old and endangering the welfare of a child (two counts), and charging Dober with endangering the welfare of a child. Dober pleaded guilty and agreed to testify against defendant. Following a trial, the jury acquitted defendant of one count of assault in the second degree, relating to bruising on the child's buttocks, but found him guilty of the other charges. County Court sentenced him to an aggregate term of seven years in prison, followed by three years of post-release supervision. Defendant appeals.

The count charging aggravated assault upon a person less than 11 years old was not duplicitous (*see* CPL 200.30 [1]). Although the count alleged that defendant caused physical injury to the victim "by means of punching and/or striking and/or pushing her," it also identified the injury as a "left orbital fracture." Pleading the alternative acts defendant could have engaged in to commit the crime did not render it duplicitous (*see People v Giordano*, 296 AD2d 714, 715-716 [2002], *lv denied* 99 NY2d 582 [2003]). Defendant complains that Dober's trial testimony—indicating that defendant punched, kicked, slapped

---

**1.** This injury was a fracture to the portion of bone around the eye socket, near the nose.

and spanked his daughter more than 80 times in the alleged time period—made it impossible to determine if the verdict was unanimous or if the jury found him guilty of one crime based upon different instances of abuse (*compare People v Bauman*, 12 NY3d 152, 154-155 [2009]). This fear is unfounded because the count specifies that it relates to the assault which resulted in the eye injury. Thus, the count contained only one offense and was not duplicitous, either as charged or based upon the evidence presented at trial.

Defendant argues that County Court erred by not charging the jury that Dober was an accomplice as a matter of law (*see* CPL 60.22 [1]). After the charge conference, where counsel requested an accomplice charge, the court charged the jury to determine as a matter of fact whether Dober was an accomplice. Defendant did not object to the charge, rendering this argument unpreserved for appellate review (*see People v Moyer*, 75 AD3d 1004, 1004-1005 [2010]). Counsel was not ineffective for failing to object to the charge; although Dober was an accomplice on one count of endangering the welfare of a child, whether she was an accomplice with respect to the other charges presented a factual question (*see People v Besser*, 96 NY2d 136, 147 [2001]).

County Court did not err in allowing the People to introduce evidence of defendant's prior bad acts. His 2006 conviction for assaulting the same victim fit within the *Molineux* exceptions for intent and absence of mistake or accident (*see People v Barreto*, 64 AD3d 1046, 1049 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Gorham*, 17 AD3d 858, 860-861 [2005]). Defendant's statements to police and medical personnel raised a possible defense that the injuries occurred by accident, which the People were permitted to address (*see People v Caccese*, 211 AD2d 976, 978 [1995], *lv denied* 86 NY2d 780 [1995]). When testifying, defendant minimized his prior conduct by stating that he only spanked his daughter's buttocks with an open hand over her clothing as a means of discipline, and only caused "faint and minor bruises." He also testified that, in hindsight, he would not have given the police a statement or pleaded guilty in 2006. The court did not err in permitting the People to expand their inquiry after this testimony, including questioning defendant about his plea and statement to police and admitting pictures of the serious bruises over the child's buttocks, legs and back (*see People v Gorham*, 17 AD3d at 860). This additional information was permissible because defendant opened the door to it, and further information was necessary to correct the improper perception that defendant created through his testimony (*see People v Breedlove*, 61 AD3d 1120, 1122 [2009], *lv denied* 12 NY3d 913 [2009]).

After Dober testified that defendant regularly beat his daughter, defense counsel cross-examined Dober about her initial statements that defendant never laid a hand on the child. By implying that Dober was fabricating her later statements and testimony to obtain a favorable plea bargain for herself, defendant opened the door to allow the People to rehabilitate Dober (*see People v Mateo*, 2 NY3d 383, 425 [2004]). Thus, the People were allowed to elicit her testimony on redirect regarding her fear of defendant, because of his abuse of and threats toward her, as the reason why she initially gave a statement supporting defendant's position (*see People v Breedlove*, 61 AD3d at 1122; *People v Gorham*, 17 AD3d at 860).

The convictions were supported by legally sufficient evidence and not against the weight of the evidence. Although defendant partially bases his contention in this regard upon his arguments that the jury charge was improper and certain evidence should have been excluded, we must review the verdict in light of the evidence received and the elements as charged to the jury (*see People v Moyer*, 75 AD3d at 1005). Medical testimony established that the child suffered a fracture to the bone surrounding her eye socket and serious bruising elsewhere on her body. The child's pediatrician testified that the eye injury would not have occurred had the child accidentally run into a bureau, as defendant told the police and medical personnel. The pediatrician also opined that certain bruises appeared to have been inflicted by knuckles. Assuming that the jury determined that Dober was only an accomplice to the one count naming her, her testimony would not need to be corroborated as to the other charges (*see People v Besser*, 96 NY2d at 147). Dober testified that she was in another room when the eye injury occurred and did not see what happened, but defendant was near the child before and after she began crying. Defendant's prior conviction for assaulting the child in 2006 was admitted to controvert any defense of mistake or accident. Evidence revealed that defendant gave police and medical personnel different versions of his location during the accident. All of this evidence was sufficient to establish that the crimes were committed and connect defendant to their commission, thereby corroborating the child's statement in the emergency room—when asked what happened to her eye—that defendant had hit her (*see* CPL 60.20 [2], [3]; *People v Petrie*, 3 AD3d 665, 667-668 [2004]). Defendant's testimony blamed Dober for the bruising and abuse, explained his location at the time of the eye injury and that the child pointed to a bureau when asked what happened, implying that the injury resulted from her accidentally running into the bureau. Giving deference to the jury's ability to make credibility determinations, the verdict was not against the weight of the evidence.

County Court did not err by denying defendant's request to redact the child's statements from the medical records and by permitting a nurse to testify as to those statements.[2] Hospital records fall within the business records exception to the hearsay rule as long as the information relates to diagnosis, prognosis or treatment (*see People v Ortega*, 15 NY3d 610, 617 [2010]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *see also* CPLR 4518, CPL 60.10). The Court of Appeals recently held that the identity of the perpetrator of abuse is relevant to diagnosis and treatment in domestic violence situations, considering the need for a discharge safety plan and potential referrals to deal with the associated psychological trauma (*People v Ortega*, 15 NY3d at 618-619). In so holding, the Court cited with approval a case where medical records of a child abuse victim were admitted, with the abuser's name being considered relevant to diagnosis and treatment (*id.* at 618, citing *People v Caccese*, 211 AD2d at 977). Here, the child's statement was related to treatment in that the hospital needed to create a discharge plan to provide for her safety—rather than sending her home with defendant—and to refer her to counseling services.[3] Accordingly, the child's statements fell within the exception to the hearsay rule and were admissible.

The statements were also admissible because, despite the child's young age, County Court determined after an in camera examination that she would be competent to testify as an unsworn witness (*see* CPL 60.20 [2]; *People v Scott*, 86 NY2d 864, 865 [1995]). Given the limited scope of review of such a finding (*see People v Miller*, 295 AD2d 746, 748 [2002]), we will not disturb it. Because the child was deemed competent to testify, her statements—already found to fall within a hearsay exception—were admissible (*compare People v Sullivan*, 117 AD2d 476, 478-479 [1986], *lv denied* 68 NY2d 918 [1986]).

Defendant failed to preserve his argument that admission of the child's statements through the medical records and a nurse's testimony violated his rights under the Confrontation Clause. He only objected to admission of the statements on the grounds of hearsay and competency, thus not presenting County Court

2. Initially, we disagree with County Court's determination that the statements were admissible as nonhearsay. The statements were apparently admitted to prove the truth of their content and the substance of the statements was unnecessary to explain the effect on the hearer.

3. Although police personnel were present in the hospital room and may have asked the question that elicited the child's statements, the information was included in the medical records by hospital personnel who were also present. Rather than being solely for investigative purposes, this information was relative to treatment and diagnosis of the child.

with an opportunity to address the confrontation issue (*see People v Kello*, 96 NY2d 740, 743-744 [2001]).

We have reviewed defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

