OPINION OF THE COURT
Kaken M. Wilutis, J.
Defendant, having been found guilty of one of the offenses with which he was charged, endangering the welfare of a child (Penal Law § 260.10 [1]), seeks to set aside the jury verdict (CPL 330.30).
Pursuant to CPL 330.30 (1), the setting aside of a verdict must be based on “[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law.” On the appeal of a judgment of conviction, reversal is required as a matter of law if the “evidence adduced at . . . trial . . . was not legally sufficient to establish the defendant’s guilt of [the] offense of which he was convicted” (CPL 470.15 [4] [b]). Pursuant to CPL 70.20, no verdict of conviction “is valid unless based upon trial evidence which is legally sufficient and which establishes beyond a reasonable doubt every element of [the] offense and the defendant’s commission thereof.” Defendant asserts that reversal would be required upon appeal as a matter of law because the prosecution did not prove injury to the physical, mental or moral welfare of the child involved in the incident underlying this prosecution.
Defendant is correct that the prosecution did not prove injury to the physical welfare of the child, and for purposes of this motion the court will assume that it did not prove injury to his mental welfare either. Moral welfare is not implicated on the facts presented at trial. However, this failure of proof would not result in a reversal of the judgment of conviction on appeal, because proof of actual injury is not an element of Penal Law § 260.10 (1), and so the verdict should not be set aside now.
Penal Law § 260.10 (1) reads, in pertinent part, that the actor must “knowingly act[ ] in a manner likely to be injurious to *279 the physical, mental or moral welfare of a child” (emphasis added). “The key term is ‘likely’; there is no requirement that the physical, mental or moral welfare of the child be in fact injured” (William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.10 at 299; see People v Johnson, 95 NY2d 368, 371 [2000] [“Actual harm to the child need not result for criminal liability; it is ‘sufficient that the defendant act in a manner which is likely to result in harm to the child . . .’ (People v Simmons, 92 NY2d 829, 830 [emphasis added])”]; People v Finneran, 43 Misc 3d 34, 38 [App Term, 2d Dept, 9th & 10th Jud Dists 2014] [“(A) person need not . . . cause actual harm to be guilty of endangering the welfare of a child (see People v Hitchcock, 98 NY2d at 591)”]).
Defendant’s reliance on People v Phelps (268 AD2d 692 [3d Dept 2000]) is misplaced. That ruling concerned Penal Law § 260.10 (2), specifically the portion of that statute which incorporates the definition of “abused child” found in Family Court Act § 1012 (e). This definition indeed does contain a “physical injury” or an “impairment of emotional health” element. Penal Law § 260.10 (1), however, with which defendant was charged and of which he was found guilty, does not incorporate the definition of “abused child,” and does not otherwise contain actual injury as an element.
Defendant’s reliance on People v Johnson (27 Misc 3d 1239[A], 2010 NY Slip Op 51103[U] [Crim Ct, Queens County 2010, Koenderman, J.]) and People v Anderson (25 Misc 3d 1207[A], 2009 NY Slip Op 51991[U] [Nassau Dist Ct 2009, Engel, J.]) also is misplaced. Those rulings, to the extent they address the issue of injury at all, do so only with the observation that pursuant to Penal Law § 260.10 (1), the conduct of the accused must be likely to be injurious to the child, not that it actually cause injury.
The prosecution adduced legally sufficient evidence at trial supporting defendant’s violation of Penal Law § 260.10 (1), for the child testified defendant grabbed him by the neck with both hands, pushed him against the wall and brought him to the ground, and the child’s mother tried to push defendant off.
Defendant’s final assertion, that because the jury found him not guilty of criminal obstruction of breathing with respect to the child (Penal Law § 121.11 [a]), the evidence also must be legally insufficient to establish he endangered the child’s welfare as well, appears to be a reargument of the challenge he made to the verdict at the time the jury delivered it, that his *280 acquittal of Penal Law § 121.11 (a) and conviction of Penal Law § 260.10 (1) constituted an inconsistent verdict. The court rejected this challenge on the record, stating in pertinent part,
“Generally, acquittal of one charge and conviction of another is an inconsistent verdict if the jury fails to find guilt of an element of the acquitted charge, and that same element is an essential element of the convicted charge. The question about inconsistency is resolved by evaluating the elements of each crime as they were charged to the jury (see Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, [C]PL § 310.50).
“With respect to criminal obstruction, the charge was that for the jury to find defendant guilty, [the] People are required to prove beyond a reasonable doubt, both of the following elements: (1) That on May 8, 2015, in the County of Suffolk, the defendant, Christopher Castanza, applied pressure on the throat or neck of [the child], and (2) that the defendant did so with the intent to impede the normal breathing or circulation of the blood of such person.
“The charge for endangering was that for the jury to find defendant guilty, the People are required to prove, beyond a reasonable doubt, each of the following three elements: (1) that on May 8, 2015, in the county of Suffolk, the defendant Christopher Castanza acted in a manner likely to be injurious to the physical, mental or moral welfare of [the child], (2) that the defendant did so knowingly, and (3) that [the child] was under the age of seventeen years old.
“If the jury were to find defendant not guilty of criminal obstruction and guilty of endangering, they could have determined with respect to obstruction (1) that defendant did indeed apply pressure to the throat or neck of [the child], (2) but that in doing so defendant did not have the intent to impede [the child’s] normal breathing or circulation; and that with respect to endangering, (1) that defendant acted in a manner likely to be injurious to the physical, mental or moral welfare of [the child], (2) that defendant did so knowingly, and (3) that [the child] was under the age of seventeen years old.
*281 “In this situation, the question comes down to whether the jury’s failure to find an intent to impair [the child’s] breathing or blood flow necessarily negates defendant’s knowledge that he was acting in a manner likely to be injurious to [the child’s] physical, mental or moral welfare. Intent with respect to a particular result is present when the conscious objective of the actor is to cause that result (PL § 15.05 [1]). Knowledge of the result is not enough, the conscioús . . . objective of the actor must be to bring about that result. By contrast, one ‘acts knowingly with respect to [his or her] conduct . . . when he [or she] is aware that his conduct is of [the nature specified in the statute]’ (PL § 15.05[2]). One can be aware of the nature of one’s conduct without having the conscious objective to bring about a particular result.
“The jury could have found, then, that defendant did not have as his conscious objective the obstruction of [the child’s] breathing or blood circulation, but such a finding would not negate knowledge on the part of defendant that his actions were likely to be injurious to the physical, mental or moral welfare of [the child], as required under the endangering statute, since knowledge only requires awareness, not a conscious objective.
“Not guilty of obstruction of breathing and guilty of endangering, then, is not an inconsistent verdict.”
The court adheres to this determination in all respects.
Reversal of defendant’s conviction of Penal Law § 260.10 (1) would not be required as a matter of law on appeal. The evidence was legally sufficient to establish defendant’s guilt of endangering the welfare of a child pursuant to Penal Law § 260.10 (1), and his conviction of this offense is not inconsistent with his acquittal of the obstruction of breathing charge. Accordingly, the motion to set aside the verdict is denied.