■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JERSEY, Appellant. [761 NYS2d 218] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 26, 2002, convicting defendant, after a jury trial, of reckless endangerment in the first degree and falsely reporting an incident in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 90 days, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Given the testimony of two veteran firefighters as to the extremely dangerous conditions at the World Trade Center two days after the September 11, 2001 disaster, the jury could reasonably infer that defendant's baseless report of finding three survivors trapped in the rubble, causing the firefighters to hurry down a perilous hole in the rubble without the proper equipment, constituted conduct that was reckless and imminently dangerous, and which presented a grave risk of death to the firefighters (*see People v Lynch,* 95 NY2d 243, 247 [2000]). There was ample evidence from which the jury could infer that defendant consciously disregarded the risk to the firefighters and acted with depraved indifference to human life, and that he knowingly made a false report.

Defendant's challenge to the court's supplemental charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim we would find that, viewed in context of the entire main and supplemental charge, the court's hypothetical examples of "depraved indifference" conveyed the appropriate standard and did not deprive defendant of a fair trial (*see People v Coleman,* 70 NY2d 817, 819 [1987]). Similarly, counsel's failure to object to the hypothetical did not constitute ineffectiveness (*see People v Hobot,* 84 NY2d 1021, 1024 [1995]).

The court's charge on motive sufficiently explained the applicable principles to the jury, and the court was not required to include the additional language requested by defense counsel (*see People v Dory,* 59 NY2d 121, 129 [1983]).

Defendant was properly adjudicated a second felony offender. In order to determine that defendant's Florida conviction was equivalent to a New York felony, it was necessary under the circumstances for the court to identify the specific offense of which defendant was convicted in Florida (*see People v Muniz,* 74 NY2d 464, 468 [1989]), and in doing so the court properly relied on documentation that was comparable to a New York felony complaint, which is an accusatory instrument (*see* CPL 1.20 [1], [8]). Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.