THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. MCKEEHAN, Appellant. [770 NYS2d 246]—

Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered January 3, 2000, convicting defendant after a jury trial of assault in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of assault in the first degree (Penal Law § 120.10 [3]) and endangering the welfare of a child (§ 260.10 [1]) arising from his physical abuse of his girlfriend's 10-month-old infant. Contrary to defendant's contention, County Court did not err in allowing the infant's mother to testify that defendant previously had punched her on one occasion and had twice threatened to kill her. That testimony was admissible to explain why the mother did not leave defendant's

residence when she began noticing bruises on her child and why, on defendant's instructions, she lied to medical personnel that the child's injuries were caused by a fall from a couch. "There is ample case law to support the proposition that uncharged crime evidence may be used to support testimony that otherwise might be unbelievable or suspect" (*People v Steinberg*, 170 AD2d 50, 74 [1991], *affd* 79 NY2d 673 [1992]). In addition, the court gave a limiting instruction, thereby minimizing any prejudice to defendant (*see generally People v Maddox*, 272 AD2d 884 [2000], *lv denied* 95 NY2d 867 [2000]). Even assuming, arguendo, that the court erred in admitting that testimony, we conclude that any error is harmless (*see People v Kello*, 96 NY2d 740, 744 [2001]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *see also People v Hill*, 300 AD2d 1125, 1126 [2002], *lv denied* 99 NY2d 615 [2003]). Contrary to the further contention of defendant, the jury could properly infer from the evidence presented at trial that he acted recklessly and with depraved indifference in causing the child's injuries (*see People v Jersey*, 306 AD2d 184 [2003], *lv denied* 100 NY2d 621 [2003]; *People v Moore*, 277 AD2d 596, 597 [2000], *lv denied* 96 NY2d 761 [2001]; *see also People v Mannix*, 302 AD2d 297, 297-298 [2003], *lv denied* 100 NY2d 622 [2003]). Thus, we conclude that the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's contention that the "depraved indifference" standard of Penal Law § 120.10 (3) is unconstitutionally vague, both in general and as applied to the instant case, is not properly before us because that contention is unpreserved for our review and the requisite notice was not given to the Attorney General (*see* Executive Law § 71; *People v Ferris*, 105 AD2d 1136, 1137 [1984]).

We reject the contention of defendant that the court erred in denying his motion to suppress his statements to police investigators. Contrary to the contention of defendant, there is nothing in the record to indicate that he was under arrest or restrained from leaving in any way, that the atmosphere was hostile, that he requested an attorney or asked that questioning cease, or that he did not want to cooperate with the investigators before he was advised of his *Miranda* rights. After defendant was advised of his *Miranda* rights, defendant waived those rights and told investigators that he would continue to answer questions. The court's findings are supported by the evidence presented at the hearing on defendant's motion, and we see no reason to disturb those findings (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Coleman*, 306 AD2d 941 [2003]). In addition, the court did not err in refusing to charge the jury on

the voluntariness of defendant's statements (*see generally* CPL 710.70 [3]). Defendant raised no factual dispute with respect to that issue (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]; *People v Congelosi*, 266 AD2d 930, 930-931 [1999], *lv denied* 94 NY2d 902, 95 NY2d 794 [2000]; *People v Conway*, 186 AD2d 1050, 1050-1051 [1992], *lv denied* 81 NY2d 761 [1992]). Finally, the sentence is neither unduly harsh nor severe. Present— Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.