(April 28, 2005)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES NELSON, Appellant. [794 NYS2d 24]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 10, 2003, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the fourth degree and reckless endangerment in the first degree,

and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 2 to 4 years, consecutive to a term of 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant was properly convicted of reckless endangerment, and we reject his argument that by fleeing onto subway tracks he only endangered himself. The officers' pursuit of defendant, resulting in grave danger to themselves, was a clearly foreseeable consequence of defendant's flight, and the elements of reckless endangerment were satisfied (*see e.g. People v Jersey*, 306 AD2d 184 [2003], *lv denied* 100 NY2d 621 [2003]; *cf. People v Lawrence*, 209 AD2d 165 [1994], *lv denied* 84 NY2d 1034 [1995]). Moreover, when the police arrived, defendant persisted in remaining in a place from which he could not be easily extricated, even though he knew that by doing so he had placed the officers in a very dangerous situation. We have considered and rejected defendant's remaining arguments on this issue.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count of grand larceny in the fourth degree (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). To the extent that defendant is claiming that the prohibition against double jeopardy was violated by his conviction of both third-degree robbery and fourth-degree grand larceny, that claim is without merit (*see Blockburger v United States*, 284 US 299, 304 [1932]) because grand larceny committed by taking property from the person of another (Penal Law § 155.30 [5]) is not a lesser included offense of robbery (*see e.g. People v Sidney*, 178 AD2d 445 [1991], *lv denied* 79 NY2d 923 [1992]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.