■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER MASTOWSKI, Appellant. [808 NYS2d 871]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered August 19, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]). Contrary to the contention of defendant, County Court did not err in denying his motion to suppress his statements to the Chief of Police of Clifton Springs, child protective caseworkers, and a close friend who is an Ontario County sheriff's deputy. Defendant was not in custody when he made the statements (*see generally People v Johnson*, 91 AD2d 327, 330 [1983], *affd* 61 NY2d 932 [1984]; *People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]) and, in any event, defendant's right to counsel and privilege against self-incrimination were not implicated by the statements by defendant to child protective caseworkers (*see People v Whitmore*, 12 AD3d 845, 847 [2004], *lv denied* 4 NY3d 892 [2005]; *People v Greene*, 306 AD2d 639, 640-641 [2003], *lv denied* 100 NY2d 594 [2003]; *see generally People v Ray*, 65 NY2d 282, 286 [1985]).

Contrary to the further contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel had a discernible strategy in advancing expert testimony that the victim's injuries could have been caused by recent vaccinations and, although that strategy was not successful, defendant was not thereby deprived of effective assistance of counsel (*see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Barnes*, 305 AD2d 1095, 1095-1096 [2003], *lv denied* 100 NY2d 592 [2003]).

Defendant failed to preserve for our review his contention that the "depraved indifference" standard of Penal Law § 120.10

(3) is unconstitutionally vague (*see People v McKeehan*, 2 AD3d 1421, 1422, *lv denied* 3 NY3d 644 [2004]). He also failed to preserve for our review the majority of his contentions concerning alleged prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see People v Brinson*, 265 AD2d 879, 880 [1999], *lv denied* 94 NY2d 860 [1999]). With respect to the instances of alleged prosecutorial misconduct that are preserved for our review, we conclude that "the conduct of the prosecutor was not so egregious or prejudicial as to deny defendant his right to a fair trial" (*People v Dexter*, 259 AD2d 952, 954 [1999], *affd* 94 NY2d 847 [1999]; *see generally People v Galloway*, 54 NY2d 396, 401 [1981]). The further contention of defendant that he was entitled to a circumstantial evidence charge is lacking in merit. Because the statements that the court properly refused to suppress "could be interpreted as relevant admissions of guilt . . . , there was both direct and circumstantial evidence," and the court therefore was not required to give a circumstantial evidence charge (*People v Burgos*, 195 AD2d 978, 979 [1993], *lv denied* 82 NY2d 752 [1993]; *see People v Licitra*, 47 NY2d 554, 558-559 [1979], *rearg denied* 53 NY2d 938 [1981]; *People v Rumble*, 45 NY2d 879 [1978]).

Contrary to the further contentions of defendant, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Contrary to the contention of defendant, the fact that the sentence imposed after trial was greater than that offered pursuant to the pretrial plea offer does not render the sentence unduly harsh (*see People v Jurjens*, 291 AD2d 839, 840 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Maddox*, 272 AD2d 884, 885 [2000], *lv denied* 95 NY2d 867 [2000]). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.