■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. BETTERS, Appellant. [838 NYS2d 254]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 18, 2004, upon a verdict convicting defendant of the crimes of assault in the second degree and endangering the welfare of a child.

While eating dinner with their two-year-old child, defendant and his paramour (hereinafter the victim) became embroiled in a heated argument. After the victim left the table and smashed her plate in the kitchen sink, defendant threw a fork and then a steak knife at her. Although the child was seated close to defendant, neither object struck her. The fork missed the victim, but the steak knife struck her and caused a deep laceration in her quadriceps. The victim's cries then caused the child to cry. Defendant transported the victim to the hospital where the wound was cleansed, a drain inserted and nine stitches used to close the wound. Because weight bearing was painful, the muscle having been lacerated, the victim was given pain medication and was issued crutches that she utilized for approximately two weeks. Defendant appeals from his convictions for assault in the second degree and endangering the welfare of a child, asserting that there is insufficient evidence to support either conviction and that he was denied a fair trial because the People were allowed to introduce evidence of his prior bad acts involving the victim and because of prosecutorial misconduct and police error.

To establish the commission of these crimes, the People had to prove that defendant, with intent to cause injury to the victim, caused such injury by use of a deadly weapon or dangerous instrument (*see* Penal Law § 120.05 [2]), and the People were required to demonstrate that defendant knowingly engaged in conduct "likely to be injurious to the physical, mental or moral welfare of a child" under age 17 (Penal Law § 260.10 [1]). Viewing the evidence in the light most favorable to the prosecution (*see People v Rossey*, 89 NY2d 970, 971 [1997]; *People v Khuong Dinh Pham*, 31 AD3d 962, 963-964 [2006]), "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]). The testimony of the victim and the physician's assistant who treated her, and the statements of defendant—testified to by the investigating officers—adequately demonstrate the sufficiency of the evidence.

Next, defendant asserts that County Court erred in permitting the People to introduce evidence that, on three prior occasions, he had thrown a telephone, a screwdriver and a knife at

the victim. While evidence of prior uncharged criminal conduct or bad acts is inherently prejudicial, it is admissible if legally relevant and material on an issue in dispute and its probative value outweighs the potential prejudice to the defendant (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Wlasiuk*, 32 AD3d 674, 676-677 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v Higgins*, 12 AD3d 775, 777 [2004], *lv denied* 4 NY3d 764 [2005]). In cases involving domestic violence, evidence of a defendant's prior abusive conduct towards the victim is properly admitted as relevant to prove defendant's intent or motive to act (*see People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Jau Kud Su*, 239 AD2d 703, 704 [1997], *lv denied* 90 NY2d 940 [1997]). Moreover, here County Court gave proper and appropriate limiting instructions to inform the jury concerning the permissible use of such evidence, thus limiting its prejudicial effect.

Lastly, defendant's attempt to equate lack of evidence on the issue of his intent to commit an assault with alleged prosecutorial misconduct is totally without merit. Equally without merit is his argument that the failure of the investigating officers to take notes during the investigation so that those notes could be turned over to the defense is akin to a *Brady* violation. Not only are the People not accountable for turning over what does not exist, the argument assumes that the notes, if taken, would be exculpatory.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.