■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREL R. WESTERLING, Respondent. [852 NYS2d 429]—

Kane, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered September 6, 2006, upon a verdict convicting defendant of the crimes of rape in the first degree, criminal sexual act in the first degree (two counts), kidnapping in the second degree, coercion in the first degree, criminal use of a firearm in the first degree, criminal contempt in the first degree (two counts) and resisting arrest.

Defendant and the victim had a stormy relationship for three years. In December 2005, after the victim expressed her desire to end the relationship, she agreed to talk with defendant in her driveway. At that time, a stay-away order of protection existed in the victim's favor. The victim's mother, watching through a window at the victim's request, saw defendant grab the victim, drag her to his van and drive away. The victim's mother then called the police and reported her daughter's abduction by defendant. The victim's trial testimony established that defendant drove her to a remote area, threatened her life with a shotgun, ordered her to undress, performed oral sex on her, demanded that she perform oral sex on him, then raped her. Soon after the sexual activity ceased, a police officer located the van and ordered defendant to exit the vehicle. Defendant at first complied with the officer's orders, but then wrestled with the officer and fled on foot. Defendant's trial testimony explained that the victim went with him willingly and they engaged in consensual sexual relations before the police arrived. Soon after the incident, the victim gave a written statement to police which

was similar to her trial testimony. A few weeks later, however, she provided police with a notarized statement recanting most of her prior statement. Despite this new statement, the grand jury issued a 22-count indictment against defendant.

Following a trial, at which the People offered various evidence concerning defendant's prior abuse against the victim, the jury convicted him of rape in the first degree, criminal sexual act in the first degree (two counts), kidnapping in the second degree, coercion in the first degree, criminal use of a firearm in the first degree, criminal contempt in the first degree (two counts) and resisting arrest. County Court sentenced defendant to an aggregate prison term of 12 years with five years of postrelease supervision. Defendant appeals.

The main issue here is County Court's *Ventimiglia/Molineux* ruling permitting the People to introduce evidence of numerous domestic violence incidents between defendant and the victim. "Evidence of a prior uncharged crime may not be admitted solely to demonstrate a defendant's bad character or criminal propensity, but may be admissible if linked to a specific material issue or fact relating to the crime charged, and if its probative value outweighs its prejudicial impact" (*People v Blair*, 90 NY2d 1003, 1004-1005 [1997] [citations omitted]; *see People v Alvino*, 71 NY2d 233, 241-242 [1987]). Prior bad acts in domestic violence situations are more likely to be considered relevant and probative evidence because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident (*see People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]; *see also People v Laviolette*, 307 AD2d 541, 542-543 [2003], *lv denied* 100 NY2d 643 [2003]). Courts must determine as a matter of law whether the evidence is relevant, material and admissible under a *Molineux* exception or some other basis; after this initial determination, admissibility turns on a case-specific discretionary balancing of probity versus prejudice (*see People v Alvino*, 71 NY2d at 242; *People v Miles*, 36 AD3d 1021, 1022-1023 [2007], *lv denied* 8 NY3d 988 [2007]; *People v Wlasiuk*, 32 AD3d 674, 676-677 [2006], *lv dismissed* 7 NY3d 871 [2006]; *see generally People v Molineux*, 168 NY 264 [1901]).

Most of the prior bad act evidence which the People sought to introduce meets the first prong of the test. Evidence that defendant grabbed the victim during an argument the night before the incident at issue, leaving a bruise, was relevant to the background of this incident and was probative of her state of mind as well as his intent. In a July 2005 incident, defendant

threatened the victim and shot a gun. This incident led to the order of protection forming the basis of the criminal contempt charges (*see People v Rodriguez*, 306 AD2d 686, 688 [2003], *lv denied* 100 NY2d 624 [2003]). A September 2005 incident, where defendant violated the order of protection, was relevant to establish defendant's knowledge of the order and its terms. Three instances where defendant threatened the victim with a gun, including the July 2005 incident, and another where he threatened her with a knife were relevant and probative to show the elements of intent and forcible compulsion (*see People v Higgins*, 12 AD3d 775, 778 [2004], *lv denied* 4 NY3d 764 [2005]; *People v Laviolette*, 307 AD2d at 542; *People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]).

Several saved phone messages from defendant demonstrate the cyclical periods of possessiveness, controlling anger, threatening behavior and conciliatory kindness that he exhibited toward the victim, which helped explain her fear, recantation and belief that she would be harmed if she did not accede to defendant's demands (*see People v McKeehan*, 2 AD3d 1421, 1422 [2003], *lv denied* 3 NY3d 644 [2004]). Testimony showed that defendant damaged the victim's car by smashing the windshield, windows and mirrors while she was inside the car, and running into it more than once. These outbursts occurred following arguments, usually concerning the victim deciding to terminate their relationship, much like what happened here (*see People v Betters*, 41 AD3d 1040, 1042 [2007]; *People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]). An expert in domestic violence addressed the cyclical nature of relationships where domestic violence occurs, a victim's fear, reasons for staying with an abuser, refusal to press charges or follow through with legal intervention, continuing to see an abuser despite an order of protection and recanting. Defendant's focus on the victim's recantation concerning this incident, as well as her previous recantation concerning her statement of the July 2005 incident, rendered probative not only those incidents but the controlling and abusive nature of their entire relationship.[*] The background information concerning the tumultuous relationship here was necessary to adequately explain the victim's behavior in light of the domestic violence dynamic as explained by the People's expert, defendant's intimidation of the victim, his intent and the lack of consent (*see People v Gorham*, 17 AD3d 858, 860 [2005]; *People v McKeehan*, 2 AD3d at 1421-

---

[*] Defendant first raised the victim's recantation at his arraignment and stressed it with the jury, beginning with counsel's opening statement (*see People v Rojas*, 97 NY2d 32, 38-39 [2001]).

1422; *People v Steinberg*, 170 AD2d 50, 73-74 [1991], *affd* 79 NY2d 673 [1992]). This evidence was relevant, probative and admissible under a *Molineux* exception.

Nevertheless, County Court went too far when it permitted the victim to testify to unparticularized acts of physical and verbal abuse that occurred over a three-year period (*compare People v Doyle*, 48 AD3d 961 [2008] [decided herewith]). The victim testified that defendant hit, bit or threw her approximately 100 times during their three-year relationship. While some of these acts may well have been admissible upon a proper balancing of their probity versus their prejudice, the court did not embark on such an undertaking. Police testimony bolstering or corroborating the victim's account of prior bad acts was prejudicial, without much probative value. Likewise, the court should have reviewed the proposed recorded telephone messages and undertaken the same balancing test, rather than permitting all 19 messages into evidence. The only evidence that County Court did not admit was testimony by the victim's friend regarding the July 2005 incident and other generalized abuse, as such testimony would have been cumulative. The danger of the jury determining guilt based on defendant's prior bad acts or propensity to commit domestic abuse against the victim was magnified by the court's failure to provide the jury with "thorough and repeated cautionary instructions" regarding the limited purpose of such evidence as this extensive testimony was introduced (*People v Steinberg*, 170 AD2d at 74; *see People v Montgomery*, 22 AD3d 960, 963 [2005]; *People v Greene*, 306 AD2d at 642-643; *see also People v Betters*, 41 AD3d at 1042; *People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]; *People v Fleegle*, 295 AD2d 760, 762 [2002]; *compare People v Doyle, supra*). The court's final instructions were insufficient to cure this deficiency after the jury had heard such evidence without any guidance as to its purpose.

Most of the crimes here were not witnessed by anyone other than defendant and the victim, both of whom testified, reducing the case primarily to a battle of his word against hers. Under the circumstances, County Court's failure to balance the proposed evidence and consider excluding any of it, along with the failure to provide limiting instructions as this prejudicial evidence was introduced, seriously infringed upon defendant's ability to receive a fair trial (*see People v Wlasiuk*, 32 AD3d at 678; *People v Greene*, 306 AD2d at 643; *People v Fleegle*, 295 AD2d at 762). Hence, we reverse. Given our reversal, defendant's remaining contention is academic.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.