■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MESECK, Appellant. [860 NYS2d 263]—

Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 27, 2006, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree and endangering the welfare of a child.

Defendant stands convicted of unlawful imprisonment in the first degree and endangering the welfare of a child. The verdict stems from evidence that, during a four-hour period one evening in March 2005, he would not permit his live-in girlfriend to leave their home and threatened to kill her. Defendant and his girlfriend had three children together and she had one child

from a previous relationship. All four children—who ranged in age from two weeks old to $4^{1}/_{2}$ years old—were present in the house during the incident.

Defendant argues that the evidence was legally insufficient to establish unlawful imprisonment in the first degree "because he posed no real harm" to his girlfriend and legally insufficient to support endangering the welfare of a child because, during the four-hour ordeal, the children were asleep and he never threatened them. He further argues that the verdict on both counts is against the weight of the evidence. We now turn to the evidence, which consisted primarily of the girlfriend's testimony.

According to the girlfriend, she and defendant had been together for four years during which time they had a "rocky" relationship. She described defendant as "very jealous" and "very abusive" and detailed prior incidents of abusive and threatening behavior on his part. On the evening in question, according to the girlfriend, she arrived home from a medical appointment to find defendant waiting for her wielding a baseball bat and making accusations of infidelity. He kept her in the house for four hours and, when she attempted to get out, he blocked the door or pushed her away. During the ordeal, he yelled at her, called her names in the presence of the children and refused to let her out of his sight.

Her testimony made quite clear that while she tried to stay in the kitchen during most of the incident to keep the children away from the situation, the two older children were not only awake, but had attempted to enter the kitchen on several occasions. Each time, she shooed them back into the living room. Her testimony further established that the confrontation did, at times, spill over into the living room, where all the children were present. During the ordeal, defendant threatened that, if she contacted the police, "two body bags would be leaving that house" and that he would use the children as hostages and shields. He further threatened to "bury [her] in the basement and that no one would find out about it."

Viewing this evidence in the light most favorable to the People, and according the People the benefit of every reasonable inference, we conclude that it was legally sufficient to support defendant's guilt on both counts (*see People v Thompson*, 72 NY2d 410, 413 [1988]; *People v Contes*, 60 NY2d 620, 621 [1983]; *People v Vasquez*, 191 AD2d 659, 659-660 [1993]). Moreover, viewing the evidence in a neutral light and giving due deference to the jury's credibility determination, we find that the weight of the evidence supports the jury's verdict on both counts (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 643-644 [2006];

*People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vasquez, supra*). Clearly, the jury found the girlfriend credible and believed her testimony about the events which transpired that evening.

Defendant also contends that County Court erred in permitting the People to introduce evidence in their case-in-chief concerning his previous acts of domestic violence toward his girlfriend. We are unpersuaded. The evidence, consisting of three prior acts of threatening behavior and/or abuse established solely through her own testimony (*compare People v Westerling*, 48 AD3d 965, 968 [2008]; *People v Wlasiuk*, 32 AD3d 674, 678 [2006], *lv denied* 7 NY3d 871 [2006]), was relevant to establish defendant's motive, intent and provide appropriate background (*see e.g. People v Doyle*, 48 AD3d 961, 964 [2008]; *People v Betters*, 41 AD3d 1040, 1042 [2007]; *People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]). While it would have been preferable for County Court to have expressly recited its discretionary balancing of the probity of such evidence against its potential for prejudice, its failure to do so here does not warrant reversal (*see generally People v Milot*, 305 AD2d 729, 731 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Guiteau*, 267 AD2d 1094 [1999], *lv denied* 94 NY2d 920 [2000]). First, the balancing is implicit in County Court's determination upon reciting its decision to permit such evidence to immediately announce its intention to also provide a curative instruction to the jury, which it did. Moreover, the evidence of defendant's guilt in this case—wherein the girlfriend's testimony concerning the evening in question was not contradicted by any other fact witness nor was her credibility seriously undermined—was overwhelming such that any error in failing to articulate the requisite balancing is harmless (*cf. People v Westerling, supra*; *People v Wlasiuk, supra*; *People v Greene*, 306 AD2d 639, 642-643 [2003], *lv denied* 100 NY2d 594 [2003]).

We have reviewed defendant's remaining contentions, including the claim that he was denied a speedy trial under CPL 580.20 and that he received ineffective assistance of counsel, and find them to be without merit.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.