■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COLBERT, Appellant. [875 NYS2d 339]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 16, 2005 in Albany County, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Several months after defendant reported that his girlfriend was missing, her skeletal remains were discovered in a wooded area. Defendant was indicted on two counts of murder in the second degree in connection with her death. County Court (Herrick, J.) denied defendant's suppression motion. At the conclusion of the trial in Supreme Court (Lamont, J.), the jury acquitted defendant of murder in the second degree and manslaughter in the first degree, but found him guilty of manslaughter in the second degree. Defendant appeals.

By requesting the submission to the jury of a lesser included offense, defendant forfeited his right to argue that the evidence was legally insufficient to support that lesser offense (*see People v McDuffie*, 46 AD3d 1385, 1386 [2007], *lv denied* 10 NY3d 867 [2008]; *People v Kearney*, 25 AD3d 622, 623 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Gill*, 20 AD3d 434, 434 [2005]; *People v Legacy*, 4 AD2d 453, 455 [1957]). Upon our independent review of the evidence, giving deference to the jury's credibility determinations, we find that the conviction is not against the weight of the evidence (*see People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]). Based upon the

advanced state of decomposition and the absence of some bones, the forensic pathologist was unable to conclusively determine a cause of death. The bones did not sustain any damage that would suggest shooting, stabbing or blunt force trauma, and no blood or weapons were found in the apartment that the victim shared with defendant. While defendant contended that suicide was a viable cause of death, the victim's remains were found in a remote location, without any means of carrying out a suicide found nearby. The pathologist testified that death by strangulation was consistent with the available information (*compare People v Toland*, 2 AD3d 1053, 1054-1055 [2003], *lv denied* 2 NY3d 808 [2004]). Defendant was the last person to see the victim alive, had argued with her extensively and engaged in physical altercations with her in the past, including choking her at least once before. Defendant's friend testified that defendant revealed the victim's body in a steamer trunk and sought assistance in disposing of the body. The friend provided defendant with maps of the area and told police the initial direction that defendant related he had gone to dispose of the body. Considering this evidence, and the jury's apparent acceptance of the friend's testimony, the weight of the evidence supported a finding that defendant recklessly caused the victim's death.

County Court properly denied defendant's suppression motion. Police may generally engage in deception while investigating a crime, with suppression required only where "the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (*People v Tarsia*, 50 NY2d 1, 11 [1980] [citations omitted]; *see People v Dishaw*, 30 AD3d 689, 690 [2006], *lv denied* 7 NY3d 787 [2006]; *People v Hines*, 9 AD3d 507, 510 [2004], *lv denied* 3 NY3d 707 [2004]). Here, detectives created a fake statement purportedly signed by defendant, which they presented to his friend to deceive him into thinking defendant was implicating the friend in the victim's death. After reading the fake statement, the friend gave the police a written statement. Defendant himself was not subjected to any subterfuge that could affect his due process rights, and no threats or promises were made to his friend. Before the friend signed his statement, the police revealed their deception to him and thereafter confirmed that his statement was true. As the police did not violate the constitution in obtaining the statement from defendant's friend, the court correctly refused to suppress his statement and testimony.

Suppression was also not required for the physical evidence obtained by police. The photographs of defendant's apartment and car were admissible. Taking photographs to memorialize

the scene of a warrant-authorized search did not constitute any additional invasion of privacy, nor violate any of defendant's rights (*see People v Spencer*, 272 AD2d 682, 683 [2000], *lv denied* 95 NY2d 858 [2000]; *People v Nelson*, 144 AD2d 714, 715-716 [1988], *lv denied* 73 NY2d 894 [1989]). Although the police admittedly seized and towed defendant's car without a warrant, they only secured the car and did not search it until a warrant was obtained. That warrant was not based upon the seizure. Suppression is not required for any evidence obtained from the car, as the seizure of that evidence was not causally related to the allegedly illegal police conduct (*see People v Arnau*, 58 NY2d 27, 32 [1982], *cert denied* 468 US 1217 [1984]; *People v Richardson*, 9 AD3d 783, 788 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Binns*, 299 AD2d 651, 653 [2002], *lv denied* 99 NY2d 612 [2003]). Items collected from the apartment by the victim's relatives and turned over to police were not subject to suppression, as the police did not seize those items. Thus, County Court's suppression rulings were proper.

Supreme Court properly allowed the People to elicit evidence concerning two prior physical altercations between defendant and the victim. Prior uncharged criminal conduct is generally inadmissible and cannot be used to show criminal propensity (*see People v Wlasiuk*, 32 AD3d 674, 676 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v James*, 19 AD3d 616, 616 [2005], *lv denied* 5 NY3d 807 [2005]). But prior acts of domestic violence "are more likely to be considered relevant and probative evidence because the aggression and bad acts are focused on one particular person, demonstrating the defendant's intent, motive, identity and absence of mistake or accident" (*People v Westerling*, 48 AD3d 965, 966 [2008]; *see People v Williams*, 29 AD3d 1217, 1219 [2006], *lv denied* 7 NY3d 797 [2006]). Here, the court adequately weighed the probative value of the proffered evidence against its potential for prejudice, excluding testimony about some arguments and only permitting testimony regarding two altercations directly reflecting on defendant's motive and intent (*see People v Gorham*, 17 AD3d 858, 860 [2005]). The opportunity for prejudice was also diminished by the court's instructions to the jury, after the testimony was received and during the final charge, on the limited purpose of this testimony (*see People v James*, 19 AD3d at 616-617).

Supreme Court correctly denied defendant's request to charge the jury that his friend was an accomplice whose testimony required corroboration. The friend did not assist defendant in any way until after the victim was dead. Thus, he was at most an accessory after the fact, not an accomplice subject to the cor-

roboration requirement of CPL 60.22 (2) (*see People v Dygert*, 229 AD2d 735, 736 [1996], *lv denied* 89 NY2d 921 [1996]; *People v Sacco*, 199 AD2d 288, 289 [1993], *lv dismissed* 82 NY2d 853 [1993], *lv denied* 84 NY2d 832 [1994]).

Defendant's remaining contentions have been reviewed and are without merit.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.