■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO OLAVARRUETH, Appellant. [904 NYS2d 214]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered April 2, 2009, convicting him of grand larceny in the fourth degree (three counts) and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The charges against the defendant arise from several incidents in which the defendant allegedly offered to assist several complainants in obtaining various documents such as Social Security cards and driver's licenses, received money from the complainants, and never provided the promised services. Prior to trial, the defendant moved, inter alia, to suppress physical evidence seized from his apartment. At a hearing, the People adduced evidence that on October 16, 2006 several police officers and firefighters responded to the defendant's apartment in response to a report of a fire and smoke condition. Two police witnesses testified that, on the evening of the fire, they observed evidence that led them to believe that the fire was suspicious, including a charred broiler pan on the living room floor that was next to a burn mark. The officers also found a partly burned candle on the kitchen floor laying next to several burned matches, a knife, and a photograph of an unknown person. One of the officers also observed several documents on a living room table, consisting of a New York State driver's license and a New York State Department of Motor Vehicles driver's license application for persons other than the defendant. The officer took several photographs of those documents. The hearing evidence also established that at the time of the October 16, 2006 fire,

the police were not investigating the allegations that form the basis of the instant indictment. In December 2006 the police began an investigation after one of the complainants filed a police report, ultimately leading to the instant charges.

The Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress the photographs of the documents taken by the police on the night of the fire. At trial, three complainants testified that they met with the defendant, gave him cash for the promised services, and never received the promised documents, any legal assistance, or a refund of their money. The People also introduced into evidence, inter alia, a New York State driver's license and learner's permit belonging to two of the testifying complainants, as well as evidence that those items were recovered in the investigation of the defendant for an unrelated altercation. The documents that were photographed at the defendant's apartment were not reasonably related to the exigencies at hand and, although in plain view, bore no indicia of criminality (*see People v Christianson*, 57 AD3d 1385, 1387 [2008]; *People v Guins*, 165 AD2d 549, 552-553 [1991]; *see also People v Mais*, 71 AD3d 1163, 1166 [2010]; *People v Desmarat*, 38 AD3d 913, 915 [2007]; *cf. People v Colbert*, 60 AD3d 1209, 1211-1212 [2009]; *People v Spencer*, 272 AD2d 682, 683 [2000]).

However, this error was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The defendant failed to preserve for review his contentions that some of the photographs were improperly admitted as evidence of prior uncharged crimes, and that the Supreme Court should have provided a limiting instruction with respect to those photographs (*see* CPL 470.05 [2]; *People v Holmes*, 47 AD3d 946 [2008]; *People v Silverman*, 239 AD2d 445 [1997]). In any event, any error in connection with the admission of these photos also was harmless.

The defendant's remaining contention is without merit. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.