■ In the Matter of PATRICIA H., Appellant, v RICHARD H., Respondent. [912 NYS2d 146]—

Egan Jr., J. Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered October 22, 2009, which

dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner (hereinafter the mother) and respondent (hereinafter the stepfather) were married in 2004 and divorced in 2006. The mother has a child (born in 1999) from a previous relationship. In April 2009, the mother commenced this family offense proceeding alleging harassment and seeking an order of protection for the child and for another one of her children, alleging that, while the child was walking home from school with a friend, the stepfather followed them in his car. Family Court issued a temporary order of protection but, following a fact-finding hearing, Family Court vacated the temporary order and declined to issue a final order of protection. On appeal, the mother argues that she was improperly precluded from testifying as to the history she and the child had with the stepfather and as to statements made to her by the child over the telephone during the incident in question.

The mother testified that earlier on the day in question, she had given the child permission to walk to a friend's house after school and that, at approximately 3:10 P.M., she received what she characterized as a "panicked" phone call from the child. When the stepfather raised an objection to this testimony, Family Court did not permit the mother to testify to the statements made to her by the child in this call. Family Court also precluded the mother from testifying about the past history that the stepfather had with her and the child. The stepfather conceded in his testimony that he had followed the children, but claimed that he did not initially know their identities.

Initially, we agree with the mother that Family Court erred in precluding her from presenting proof of the stepfather's history with her and the child. A family offense must be established by a fair preponderance of the evidence through the admission of "competent, material and relevant evidence" (Family Ct Act § 834; see § 832; Matter of Charles E. v Frank E., 72 AD3d 1439, 1441 [2010]). "A person is guilty of harassment in the second degree when, with the intent to harass, annoy or alarm another person . . . [h]e or she follows a person in or about a public place" (Penal Law § 240.26 [2]). Since "[o]ften there is no direct evidence of a [respondent's] mental state" (People v Smith, 79 NY2d 309, 315 [1992]), intent may "be inferred from the act itself" or from the respondent's "conduct and the surrounding circumstances" (People v Bracey, 41 NY2d 296, 301 [1977] [internal quotation marks and citations omitted]; see Matter of Kristine Z. v Anthony C., 21 AD3d 1319, 1320 [2005], lv dismissed 6 NY3d 772 [2006]). Prior uncharged crimes or bad acts

may be admitted to establish motive, intent, to "provide necessary background or [to] complete a witness's narrative" (*People v Tarver*, 2 AD3d 968, 969 [2003]; *see People v Meseck*, 52 AD3d 948, 950 [2008], *lv denied* 11 NY3d 739 [2008]; *People v Doyle*, 48 AD3d 961, 964 [2008], *lv denied* 10 NY3d 862 [2008]; *People v Betters*, 41 AD3d 1040, 1042 [2007]).

Here, the mother was precluded from testifying about the stepfather's relationship with the child's biological father and allegations that the biological father threatened to kidnap her children, and that the two attempted to coerce her children into running away. The substance of this testimony is relevant in determining whether, by his conduct, the stepfather's intent was to harass, annoy or alarm the child, or whether the stepfather followed the child in his car for some other purpose. Accordingly, because the mother was prevented from offering proof regarding the stepfather's history with her and the child, we remit this matter to Family Court for a new hearing (*see Matter of Elliot v Marble*, 49 AD3d 923, 925 [2008]; *Matter of Mosso v Mosso*, 6 AD3d 827, 828 [2004]).

Finally, the mother's argument that the child's statements fall within the excited utterance hearsay exception was not raised before Family Court and is therefore not preserved for our review (*see People v Johnson*, 61 NY2d 932, 934 [1984]; *Liuni v Haubert*, 289 AD2d 729, 729 [2001]).

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.