■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL M. DICKSON, Appellant. [917 NYS2d 747]—

Stein, J.

Defendant and the victim were involved in a heated argument in their home, during which defendant threw objects, overturned furniture, dumped a fish tank containing water and fish on the floor and yelled obscenities. Two children, Terrell (born 2002) and Hayley (born 2006), were in the home at the time. Defendant was ultimately charged with menacing in the second degree (two counts), criminal possession of a weapon in the fourth degree, stalking in the third degree, criminal mischief in the fourth degree and endangering the welfare of a child (two counts). After a jury trial, defendant was convicted of the crimes of stalking in the third degree and one count of endangering the welfare of a child and was acquitted of the remaining charges. He was sentenced to concurrent jail terms of one year. This appeal ensued.

Defendant first contends that his statutory and constitutional rights to be present at all material stages of the trial were violated because Supreme Court empaneled a jury outside his presence and without his attorney's consent. We disagree. The court conducted the selection of two juries from one venire panel and said panel was sworn outside the presence of defendant and his counsel. After the court and counsel in the other case selected a trial jury from the panel, the remaining jurors were included in the process of selecting the trial jury for defendant's case. Defendant and his counsel were present for selection of the trial jurors and for the administration of the oath to the jury empaneled for his case. Defendant made no objection to the venire panel having initially been sworn in his and his counsel's absence.

Defendant's failure to preserve this issue does not prevent our review (*see People v Garbutt*, 42 AD3d 665, 667 [2007]). Nor do we find that defendant affirmatively waived his objection (*see generally People v Moore*, 233 AD2d 670, 672 [1996], *lv denied* 89 NY2d 987 [1997]). In any event, it is well settled that jury selection is considered an ancillary proceeding that will not have substantial impact on a criminal trial's outcome (*see People v Maher*, 89 NY2d 318, 324 [1996]; *People v Roman*, 88 NY2d 18, 25 [1996]; *People v Elliot*, 299 AD2d 731, 734 [2002]). Inasmuch as the swearing of the jury venire panel did not "involve[ ] factual matters about which defendant might have peculiar knowledge that would be useful in advancing [his] or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660 [1992]), his absence at the time of the panel's swearing cannot be said to have a significant effect on his ability to defend himself such that it would warrant reversal (*see People v Velasco*, 77 NY2d 469, 472 [1991]; *People v Bryan*, 46 AD3d 1219, 1220 [2007], *lv denied* 10 NY3d 809 [2008]).

Defendant's next contention—that the conviction of endangering the welfare of a child as it related to Terrell was repugnant to his acquittal of that charge as it related to Hayley—is not preserved for our review as defendant failed to make any objection before the jury was discharged (*see People v Murphy*, 66 AD3d 1234, 1236 [2009]; *People v Perry*, 27 AD3d 952, 953 [2006], *lv denied* 8 NY3d 883 [2007]). In any event, given the differing proof as to each child, such contention is without merit (*see generally People v Faccio*, 33 AD3d 1041, 1043-1044 [2006], *lv denied* 8 NY3d 845 [2007]).

Nor did defendant preserve his claim that Supreme Court committed reversible error when it permitted the People to admit evidence of certain prior bad acts during their case-in-chief (*see* CPL 470.05 [2]; *People v Marmulstein*, 6 AD3d 879, 881 [2004], *lv denied* 3 NY3d 660 [2004]; *People v McClain*, 250 AD2d 871, 872 [1998], *lv denied* 92 NY2d 901 [1998]). Were we to address the merits of defendant's claim, we would find it unpersuasive as Supreme Court properly found such evidence to be legally relevant and material on an issue raised by defendant and determined that its probative value outweighed the potential prejudice to defendant (*see People v Betters*, 41 AD3d 1040, 1042 [2007]). While it would have been preferable for the court to fully articulate its balancing of the factors involved, its failure to do so here does not require reversal (*see People v Meseck*, 52 AD3d 948, 950 [2008]). In addition, Supreme Court instructed the jury on the limited purpose for which the information was being introduced.

We also find no merit to defendant's argument that Supreme Court erred in declining to give the legal definition of "course of conduct" during the charge to the jury. The charge given sufficiently articulated the required legal standard for stalking in the third degree in a manner that would enable the jury to clearly understand the proper rules to be applied in arriving at a verdict (*see generally People v Samuels*, 99 NY2d 20, 25 [2002]; *People v Ladd*, 89 NY2d 893, 895 [1996]; *see also People v Stuart*, 100 NY2d 412, 427 [2003]).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.