■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ROCKTASCHEL, Appellant. [53 NYS3d 863]—

Appeal from an order of the Erie County Court (David W. Foley, A.J.), dated June 20, 2016. The order denied defendant's motion seeking that he be released from the registration requirements of the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 2005, defendant was adjudicated a level one risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). In 2016, he moved pursuant to sections 168-h (1) and 168-o (1) to be released from the SORA registration requirements, and he appeals from an order denying that motion. We affirm.

Defendant is "ineligible for relief from SORA's registration requirements, as he has not been registered for at least 30 years" (*People v Pero*, 49 AD3d 1010, 1011 [2008]; *see People v Shim*, 139 AD3d 68, 72 [2016], *lv denied* 27 NY3d 910 [2016];

*see also People v Kindred*, 71 AD3d 1418, 1418 [2010]), and he is not a level two risk (*see* Correction Law § 168-o [1]). Insofar as defendant contends that he should not be required to register pursuant to SORA because he has moved to another state, it is well settled that "the establishment of a residence in another state does not relieve petitioner of his SORA registration obligations" (*Matter of Doe v O'Donnell*, 86 AD3d 238, 242 [2011], *lv denied* 17 NY3d 713 [2011]; *see People v Melzer*, 89 AD3d 1000, 1001 [2011], *lv denied* 19 NY3d 803 [2012], *rearg denied* 19 NY3d 954 [2012]). Defendant's constitutional challenges to SORA are not properly before us because there is no indication in the record that the Attorney General was given the requisite notice (*see* Executive Law § 71; *People v Jewell*, 119 AD3d 1446, 1448 [2014], *lv denied* 24 NY3d 905 [2014]; *People v McKeehan*, 2 AD3d 1421, 1422 [2003], *lv denied* 3 NY3d 644 [2004]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.