People v Knox (2018 NY Slip Op 08970)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Knox

2018 NY Slip Op 08970

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

108166

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vWILLIAM M. KNOX, Appellant.

Calendar Date: November 19, 2018
Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Terrence M. Kelly, Albany, for appellant.
D. Holley Carnright, District Attorney, Kingston (Paul DerOhannesian of counsel), for respondent.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered November 6, 2015, upon a verdict convicting defendant of the crime of criminal contempt in the second degree.
Defendant was indicted on charges of assault in the second degree, aggravated criminal contempt (two counts) and criminal contempt in the first degree following allegations that, on two occasions in September 2014 and October 2014, he engaged in conduct that violated an order of protection that had been issued against him in favor of his ex-fiancé (hereinafter the victim). After a trial, a jury acquitted defendant of the felony charged crimes, but found him guilty of the misdemeanor charge of criminal contempt in the second degree, which County Court had charged as a lesser included offense of aggravated criminal contempt under count 2 of the indictment [FN1]. County Court thereafter sentenced defendant to one year in jail and issued a full stay-away order of protection in favor of the victim. Defendant appeals, and we affirm.
Initially, defendant argues that his conviction for criminal contempt in the second degree should be reversed because County Court improperly charged that crime as a lesser included offense of aggravated criminal contempt. However, defendant specifically requested that County Court charge criminal contempt in the second degree as a lesser included offense of aggravated criminal contempt and, with no objection from defendant, County Court so charged the jury. Under these circumstances, defendant waived any challenge that he may have had to such a lesser included offense charge, and he may not now be heard to complain (see People v Mills, 1 NY3d 269, 274 [2003]; People v Richardson, 88 NY2d 1049, 1051 [1996]; People v Roman, 13 AD3d 1115, 1115 [2004], lv denied 4 NY3d 802 [2005]).
Defendant further argues that County Court's Molineux ruling, which allowed the People to present evidence of certain prior acts of domestic violence that he had allegedly perpetrated against the victim, deprived him of a fair trial. Although evidence of prior uncharged crimes or bad acts may never be presented for the sole purpose of establishing a defendant's criminal propensity or bad character, such evidence may be admissible if it is probative of some other material issue or fact in the case and its probative value outweighs any undue prejudice (see People v Leonard, 29 NY3d 1, 7-8 [2017]; People v Blair, 90 NY2d 1003, 1004-1005 [1997]; People v Alvino, 71 NY2d 233, 242-243 [1987]). Prior instances of violent, controlling and abusive behavior in relationships plagued by domestic violence "are more likely to be considered relevant and probative evidence because the aggression and bad acts are focused on one particular person, [thereby] demonstrating the defendant's intent, motive, identity and absence of mistake or accident" (People v Westerling, 48 AD3d 965, 966 [2008]; accord People v Colbert, 60 AD3d 1209, 1212 [2009]), as well as providing relevant background information and context as to the setting in which the underlying crimes occurred and an explanation for the victim's behavior (see People v Womack, 143 AD3d 1171, 1173 [2016], lv denied 28 NY3d 1151 [2017]; People v Burkett, 101 AD3d 1468, 1470 [2012], lv denied 20 NY3d 1096 [2013]; People v Gorham, 17 AD3d 858, 860-861 [2005]).
The evidence offered by the People regarding defendant's prior violent and abusive acts against the victim — as limited by County Court — were material to several issues in the case, including defendant's motive and intent to commit the charged crimes and the absence of mistake or accident, and also provided background information and context regarding the nature of defendant's relationship with the victim (see People v Pham, 118 AD3d 1159, 1160-1161 [2014], lv denied 24 NY3d 1087 [2014]; People v Doyle, 48 AD3d 961, 963-964 [2008], lv denied 10 NY3d 862 [2008]; People v Williams, 29 AD3d 1217, 1219 [2006], lv denied 7 NY3d 797 [2006]). Additionally, the court's ruling reflected a careful and thoughtful balancing of the probative value of the proffered evidence against its prejudicial impact. Indeed, County Court parsed out and precluded certain aspects of the People's Molineux proffer that it found to be prejudicial. Moreover, County Court gave timely and appropriate limiting instructions regarding the proper use of the challenged evidence, thereby limiting any prejudicial impact (see People v Babcock, 152 AD3d 962, 965 [2017], lv denied 30 NY3d 947 [2017]; People v Betters, 41 AD3d 1040, 1042 [2007]). Accordingly, we discern no error or abuse of discretion in County Court's Molineux ruling.
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.
Footnotes

Footnote 1: County Court also gave lesser included offense charges for the remaining counts in the indictment.