The People of the State of New York, Respondent, 
against
Christopher Hernandez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered August 17, 2017, convicting him, after a nonjury trial, of harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered August 17, 2017, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The credibility issues raised by defendant were properly placed before the trier of fact and we find no reason on the record before us to disturb the court's determination to credit the complaining witness's testimony rather than defendant's.
Defendant's argument that the evidence of his prior attack on the same complainant violated his rights to due process and a fair trial, is not preserved (see CPL §470.05[2]; People v Dickson, 82 AD3d 1289, 1290 [2011], lv denied 16 NY3d 894 [2011]), and we decline to review it in the interest of justice. As an alternative holding, we find that the trial court properly exercised its discretion in its Molineux ruling, given that the testimony about the prior attack helped to explain why the victim delayed in reporting the incident to the police (see People v Maxey, 129 AD3d 1664, 1665 [2015], lv denied 27 NY3d 1002 [2016]; People v Justice, 99 AD3d 1213, 1215 [2012], lv denied 20 NY3d 1012 [2013]). Moreover, such evidence was not unduly prejudicial, particularly in the context of a nonjury trial because the trial court is presumed, by virtue of learning and experience, to have considered only the competent evidence adduced in reaching its determination (see People v Torres, 1 AD3d 621 [2003], lv denied 1 NY3d 602 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 25, 2019